21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brett POST, Defendant-Appellant.
 No. 93-10057.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1993.
Decided April 5, 1994.
 
 Before: POOLE, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Defendant-appellant Brett Post appeals his sentence of seventy-two (72) months imprisonment and three (3) years supervised release, imposed after he pled guilty to a superseding information, charging him with one count of conspiracy to acquire a precursor chemical with the knowledge it would be used to manufacture a controlled substance, in violation of 21 U.S.C. Sec. 846. The guilty plea contained a provision stating that Post waived the "right to appeal even as to any sentence imposed within the parameters of this plea agreement." Post also appeals the denial of his pre-sentencing motions to withdraw his guilty plea, for reconsideration of the denial of a motion to suppress, and to correct the presentence report.
 
 
 3
 For the reasons stated below, this court finds that Post's waiver is enforceable and therefore dismisses this appeal.
 
 II.
 
 4
 "Whether the appellant waived his statutory right to appeal is a matter of law we review de novo." United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 5
 The law of waiver of the right to appeal is very clear in this circuit:
 
 
 6
 We have held that an express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made. United States v. Navarro-Botello, 912 F.2d [318,] 322 [ (9th Cir.1990), cert. denied 112 S.Ct. 1488 (1992) ].
 
 
 7
 Bolinger, 940 F.2d at 480. We remain the only court of appeals to allow "the district court to shirk its duties" under the Federal Rules of Criminal Procedure to ascertain with particularity that a defendant has waived his right to appeal. United States v. DeSantiago-Martinez, 980 F.2d 582, 583 (9th Cir.1992) (Ferguson, J., dissenting). Cf. United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir.1993); United States v. Wessells, 936 F.2d 165, 167 (4th Cir.1991) (both requiring colloquy on waiver). In the Ninth Circuit alone, the trial judge has no obligation to question the defendant specifically on the waiver of the right to appeal during the Federal Rule of Criminal Procedure 11(c) colloquy in order to ensure that the waiver is knowing and voluntary. DeSantiago-Martinez, 980 F.2d at 583.
 
 
 8
 Considering the text of the plea agreement and the lack of any peculiar circumstances, this court is bound by DeSantiago-Martinez to find that Post knowingly waived his right to appeal.
 
 III.
 
 9
 Because Post waived his right to appeal, the appeal is DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3